UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**THE SAVINGS BANK MUTUAL LIFE
INSURANCE COMPANY OF
MASSACHUSETTS,**

   Plaintiff,

v.   No. 4:23-cv-0194-P

**JAY BRANDON BLACKSTON,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 11. Having considered the motion, relevant docket entries, supporting documentation, and the applicable law, the Court concludes that the motion should be, and it is hereby, **GRANTED**. The Court therefore **ORDERS** that a default judgment be entered against Defendant.

## BACKGROUND

Defendant sold life insurance for Plaintiff. Pursuant to Defendant's "Producer's Agreement" with Plaintiff, Defendant agreed to: (1) solicit and transmit applications for insurance policies to be issued by Defendant, (2) remit life insurance premiums to Plaintiff, (3) conduct himself in a way not to adversely affect Defendant's business or reputation, and (4) comply with all of Defendant's rules, policies, and procedures.

In return for selling a policy, Defendant earned a commission of up to 75% of the policy's first-year premium. Defendant's calculation of these premiums is based on the expectation that a newly issued policy will remain in effect for years.

From January to June of 2022, Plaintiff received over 144 applications for life insurance naming Defendant as the producer of

record. Relying on the information in those applications, Plaintiff advanced Defendant $255,667.33 in commissions. But Plaintiff experienced difficulty withdrawing the premium funds from the bank accounts listed in the applications and was contacted by some of the applicants who demanded refunds—representing to Plaintiff that they never actually wanted to purchase the policy.

According to Plaintiff's records, 105 policies lapsed for non-payment, one policy was surrendered, and 38 policies were not taken, meaning that an initial premium payment was never remitted or the purchaser decided they no longer wanted the policy during the initial "free look" period. When Plaintiff filed this action in February 2023, Defendant owed approximately $253,097.18 in "unearned" commissions on these policies.

Plaintiff sued, alleging breach of contract, money had and received, and unjust enrichment. Plaintiff also seeks restitution and attorneys fees. Defendant never answered or otherwise responded to Plaintiff's Complaint. The Clerk entered a default against Defendant, and Plaintiff now brings the instant Motion for Default Judgment.

## LEGAL STANDARD

A plaintiff can move for default judgment under Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55(A). Courts use a three-step analysis to determine if a party can secure a default judgement. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a party must fail to respond or otherwise defend against an action. *Second*, an entry of default must be entered when the default is established by affidavit or otherwise. *Third*, a party has applied to the court for a default judgment after the clerk's entry of default. *Id*.

## ANALYSIS

Plaintiff meets all three requirements to qualify for a default judgment. Defendant failed to answer or otherwise respond against Plaintiff's Complaint. An entry of default was entered by the Clerk of the Court, and the request was properly supported by affidavits. ECF Nos. 11-1, 11-2, and 11-3. Plaintiff has moved for a default judgment after the Clerk's entry of default. ECF Nos. 11, 12. But the decision to

enter a default judgement is discretionary, and the Court will resolve any doubt in its decision in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In exercising its discretion, the Court should consider whether: (1) default judgment is procedurally warranted; (2) there is a sufficient factual basis in the complaint that would entitle to the plaintiff to judgment; and (3) the specific dollar amount of damages can be determined with mathematical calculation by using information in the pleadings and supporting documents. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court addresses each in turn.

### A. Procedural Requirements

*First*, the Court must determine if default is procedurally warranted. The Court considers a variety of factors to make such a determination, including whether: (1) there is an issue of material fact; (2) substantial prejudice is present; (3) proper grounds for default are clearly established; (4) the defaulting party made a good faith mistake or committed excusable neglect; (5) default judgment would be a harsh remedial measure; and (6) the Court would feel obligated to set aside default upon a defendant's motion. *Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir. 1962).

*First*, Plaintiff filed a well-pleaded complaint alleging sufficient facts, which taken as true, raise a right to relief. ECF No. 1. Because Defendant has failed to answer or otherwise respond, he admits Plaintiff's non-conclusory allegations, except those relating to the amount of damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th. 2002). *Second*, Defendant's failure to answer or otherwise respond to the complaint brings the adversarial process to a halt, causing substantial prejudice to Plaintiff and its claims. Defendant has had ample opportunity to answer or otherwise respond and, in fact, the instant Motion has been pending with the Court since April, 2023. Thus, Defendant is not substantially prejudiced by the entry of a default judgment. *Third*, Defendant's continued failure to participate in this litigation establishes the requisite grounds for default, particularly when the default request is properly supported. *Fourth*, there is no

3

reason to believe that Defendant is acting under a good-faith mistake or excusable neglect. *Fifth*, a default judgment is not harsh because it is the exact procedural device that is necessary for the Court to maintain the efficiency of its docket. *See Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Plaintiff properly served Defendant, Defendant has failed to answer or otherwise appear, and Defendant is in default. Such circumstances warrant a default judgment under Rule 55(b)(2). *Sixth*, there is nothing in the record that suggests that Court would set aside its putative default against Defendant if he were to move for such relief.

Based on these factors, the Court concludes that a default judgment is procedurally warranted.

## B. Entitlement to Judgement

The Court next assesses whether the factual content of the pleadings provide a sufficient basis for default judgment. *See Lindsey*, 161 F.3d at 886. Although defendants in default are considered to have conceded the allegations stated in the plaintiff's complaint upon entry of default, the Court is obligated to evaluate the pleadings to ensure the sufficiency of the complaint. *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1201 (5th Cir. 1975).

In accordance with the precedent of the Fifth Circuit, district courts refer to Federal Rule of Civil Procedure 8 to determine the adequacy of pleadings. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (recognizing that a pleading complying with Rule 8 is sufficient for default judgment under Rule 55). Under Rule 8(a)(2), a pleading must provide a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(A)(2). The pleadings must ultimately give the defendants sufficient notice of the claims alleged against them and their underlying bases. *Wooten*, 788 F.3d at 498. While the factual allegations are not required to be exhaustive, they must raise a right to relief beyond mere speculation and offer more than unsubstantiated accusations. *Id*.

When a federal court sits in diversity, it must apply the substantive law of the state in which it sits. *Nelson v. C.R. Bard, Inc.*, 44 F.4th 277,

281 (2022). In Texas, a breach of contract action arises when a plaintiff proves (1) the existence of a valid contract, (2) performance or tender by the plaintiff, (3) breach by the defendant, and (4) damages sustained by the plaintiff. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App. 2006).

To prevail on a claim for money had and received, a plaintiff must show that (1) the defendant received money that (2) belonged to the plaintiff in equity and good conscience. *Yowell v. Granite Operating Co.*, 630 S.W.3d 566, 578 (Tex. App. 2021)

By its well-pleaded facts, Plaintiff has shown that the Parties had a valid and voluntary employment agreement, which contemplated that Plaintiff would advance Defendant the appropriate commissions on the sale of life insurance policies contingent on the long-term maintenance of those policies. Plaintiff tendered performance by advancing Defendant the commissions due on the approximately 144 policies at issue here. Defendant ensured he would receive those funds, and indeed he received and retained those funds despite the failure of those policies take beyond the first year. That is a breach. And Plaintiff has now sustained loss in the amount of the commissions it advanced to Defendant on policies which did not meet the contractual condition necessary for Defendant to rightfully retain those commissions. Likewise, because Defendant knew of and agreed to this commission arrangement, he knew that his contract allowed Plaintiff to reclaim advanced commissions on policies that didn't take. According to Plaintiff's well-pleaded facts, Defendant took affirmative steps to exercise legal control and dominion over the retained commissions explicitly to prevent Plaintiff's reclaiming them when the policies were never paid.

Plaintiff has demonstrated its claims for breach of contract and money had and received. And because Plaintiff has proven that a valid and enforceable contract existed, the Court declines to reach its claim for unjust enrichment.

### C. Entitlement to Damages

In an action for breach of contract, actual damages may be recovered when the plaintiff's losses is a natural, probable, and foreseeable

consequence of the defendant's conduct. *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685 (Tex. 1981). Damages are natural, probable, and foreseeable when the parties would have contemplated them at the time they executed the contract. *See Basic Capital Management, Inc. v. Dynex Commercial, Inc.*, 648 S.W.3d 894, 901 (Tex. 2011).

Here, Plaintiff alleges $253,097.18 in actual damages resulting from Plaintiff's payment of unearned commissions that were never recovered from Defendant despite its contractual right to do so. The entire sales commission pay structure at issue was based on the parties' agreement that the policies on which Defendant earned those commissions would be taken by the customer subject to Plaintiff's right to reclaim the commissions should the premiums on those policies not be paid. Thus, any amount that Defendant retains in violation of this agreed upon structure would be a natural, probable, and foreseeable damage resulting from Defendant's breach.

## CONCLUSION

Accordingly, the Court concludes that Plaintiff is entitled to default judgment against Defendant as to liability and damages. The Court therefore **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 11). The Court further **ORDERS** that Plaintiff is entitled to be awarded damages in the amount of $253,097.18 plus reasonable attorney's fees in the amount of $18,354.00, and court costs and expenses incurred in the prosecution of this action in the amount of $920.00.

**SO ORDERED** on this **26th day of July 2023.**

*Mark T. Pittman*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE